JOSEPH GREENBERG et al., Plaintiffs, *v.* PAUL ADEN, ALEX KRILL and EAST MEADOW FIRE DISTRICT, Company No. 1, Nassau County, Defendants.

Supreme Court, Special Term, Nassau County, December 10, 1952.

*Hobart R. Marvin* for Alex Krill and another, defendants.

*Sam Greenberg* for plaintiffs.

HILL, J. The defendant fire district and the operator of its fire truck move to dismiss the complaint herein because of plaintiffs' failure to comply with sections 50-c and 50-e of the General Municipal Law. Plaintiffs concede their failure to comply but assert the sections are inapplicable to their case.

By a chain reaction process the defendant fire district establishes its status as a " public corporation ". The resolution which created them adopted by the Board of Supervisors on January 27, 1930, omits any reference to their exact legal status, other than to constitute them a fire district. However, the General Corporation Law in subdivision 3 of section 3 — " A ' district corporation ' includes any territorial division of the state, other than a municipal corporation, heretofore or hereafter established by law which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments,

whether or not such territorial division is expressly declared to be a body corporate and politic by the statute creating or authorizing the creation of such territorial division '' — denominates such a creation a '' district corporation '' and subdivision 1 of the same section makes a '' district corporation '' a '' public corporation '' by definition.

Subdivision 1 of section 50-e of the General Municipal Law — '' In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general corporation law, or any officer, appointee or employee thereof, the notice shall comply with the provisions of this section and it shall be given within ninety days after the claim arises '' — it will be observed, uses the term '' public corporation '' in treating with the requisites of notice of claim.

However, the section says: '' where a notice of claim is required by law ''. It does not purport to regulate *when* that must be done. Therefore, we must look elsewhere to find out *when* a notice is a prerequisite to suit. Section 50-c is such a place. That section reads in part as follows: '' No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality or appointee, unless notice of claim shall have been made and served in compliance with section fifty-e of this chapter ''.

The difficulty here is that the section applies to municipalities. Nowhere in it is the term '' public corporation '' used and it is the latter term which the defendant has proved is applicable to it.

The motion is, therefore, denied.